Scott, Chief Judge.
This case was reserved by the District Court of Ross county for the decision of the Supreme Court, on the question raised by the motion to dismiss the appeal, for the reason that the case made by the pleadings was one in which the parties had a right to a second trial in the Court of Common Pleas, and not a right of appeal to the District Court.
We are clearly'of opinion that this motion must be .overruled. The code of civil procedure gives a right of appeal from all final judgments, orders, or decrees in civil actions in which the parties have not the right by virtue of the laws of this state, to demand a trial by jury. Sec. 694.
And the cases in which the parties have a right to demand a trial by jury, are thus defined by section 263:
“ Issues of fact arising in actions for the recovery of money, or of specific, real or personal property, shall be tried by a jury, unless a jury trial is waived.”
The plaintiff, as well by the facts stated in his petition, as by the nature of the relief which he primarily sought, invoked the equity powers of the court. He sought the reformation and perfecting of a lease defectively executed by the defendants; having but one witness, being unstamped, and without any acknowledgment.
These defects, originating, as he alleged, in the mistake of the parties, he sought to have corrected by a decree which would place him in the position of the holder of a valid lease. It is true he went further, and asked for the recovery of damages for the defendant’s violation of his fights as such lessee. But his right to recover damages depended wholly on his first obtaining the equitable relief sought. The case is to be distinguished from one in which a plaintiff unites in the same action causes for equi *50 table relief, and an independent cause of action for the recovery of money only, in regard to which, if issues of fact be joined, a jury may of right be demanded for their trial.
Here, if the plaintiff failed to establish his right to be recognized as a lessee, his whole case was at an end.
On the trial of the issues of fact touching his right to this equitable relief, neither party had a right to demand a jury. Hence, when the court found against him upon the trial of those issues, and dismissed his petition, his remedy was by appeal, and not by second trial.
Motion to dismiss appeal overruled, and cause remanded to District Court for trial and judgment.'
Day, Whitman,'"Wright, and Johnson, JJ., concurred.